## MOORE *v.* AMERICAN SURETY CO.

[70 South. 403.]

APPEAL AND ERROR.  *Circuit court.  Jurisdiction.*

> Where plaintiff in the circuit court sued on an account consisting of two items, one for one hundred and eighty-nine dollars and eight cents, and one for one hundred dollars, but introduced evidence on only the item for one hundred and eighty-nine dollars and eight cents the supreme court on appeal will presume that this item was the only amount in controversy and that hence the circuit court was without jurisdiction.

APPEAL from the circuit court of Monroe county.
HON. CLAUDE CLAYTON, Judge.

Suit by the American Surety Company against Frank W. Moore.

From a judgment for plaintiff, defendant appeals.

Appellant was an employee of the Mississippi Cotton Oil Company, and appellee was the surety on a bond executed by him to that company for the faithful performance of his duties thereto.  This bond, among other things, provided that appellant would save, defend, and keep harmless appellee "from and against all loss and damage of whatever nature or kind, and from all legal or other costs and expenses, direct or incidental, which the company shall or may at any time sustain or be put to (whether before or after any leading proceedings by or against it, to recover under this bond, and without notice to him thereof), or for, or by reason, or in consequence of the company having issued the present bond."  The declaration, after setting out the execution of this bond, alleged:

"That under the terms of said obligation plaintiff becomes liable for, and on the 8th day of March, 1912, paid to the Mississippi Cotton Oil Company, the sum of one hundred and eighty-nine dollars and eight cents for defendant's benefit, and that plaintiff has expended divers

other sums of money, all as set out in the attached bill of particulars marked Exhibit B, and asked to be taken as a part of this declaration, for defendant's benefit and use, and at his request, and although often requested defendant has repaid no part of said sum so expended by plaintiff as surety for defendant, to plaintiff's damage in the sum of four hundred dollars and interest and costs of this suit."

The bill of particulars filed with this declaration was in the following words and figures:

Amount paid Mississippi Cotton Oil Company.... $189.08
Expenses incurred in adjusting claim, attorney's
  fees, interest, etc......................................... 100.00

No evidence whatever was introduced by appellee in support of the second item of this bill of particulars; the only evidence introduced being that it had been called on to and had paid the Mississippi Cotton Oil Company the sum of one hundred and eighty-nine dollars and eight cents, due it by appellant by virtue of his employment.

The case was submitted to the jury, and verdict rendered in appellee's favor for one hundred and eighty-nine dollars and eight cents.

*Paine & Paine,* for appellant.

We submit that the court erred in not sustaining the motion of appellant and that the cause should be reversed and dismissed, for the reason that the circuit court was without jurisdiction to try the case.

The amount as shown by the evidence in the case governs on questions of jurisdiction and not the amount alleged in the pleadings.  See *Griffin* v. *McDaniel,* 63 Miss. "121"; *R. R. Co.* v. *Hitt, etc.,* 99 Miss. "679"; *Hilton* v. *Dickinson,* 108 U. S. C. "430"; *Lee* v. *Watson,* 1 Wallace "337"; 11th "Cyc." page "699"; 1 Ency. Pl. & Pr. "712."

We quote from the last reference as follows to wit: "While as has already been stated the amount in con-

troversy is generally deemed to be the amount as claim-
ed where there is no bad faith on the part of the
plaintiff, nevertheless a rule more perhaps in consonance
with absolute justice widely prevails in the federal courts,
and finds also support elsewhere, that wherever the real
amount is made to appear, it is the all controlling cri-
terion of jurisdiction. Under this rule the real amount
as shown by the evidence produced at the trial governs
on a question of jurisdiction when the allegations are in
conflict with it. And the amount shown by the record,
taken as a whole, when these disclose the real sum in dis-
pute is determinative of the real question of jurisdic-
tion.''

We submit that under this rule and the record in the
case that the only amount in controversy was the sum of
one hundred and eighty-nine dollars and eight cents. The
only witness for appellee as to the amount in controversy
was John G. Thompson and as appears from the record
on pages ''18-22'' he only claims and says the shortage
was one hundred and eighty-nine dollars and eight cents
and that that amount was paid to the Oil Mill by the
appellee. There is not a scintilla of evidence that the
appellee ever expended a cent either in expenses or at-
torney's fees which could go to compose the item of one
hundred dollars sued on in the declaration. In ad-
dition to this, Record page ''71,'' appellee asked but
one charge from the court to the jury which was that
if the jury from the evidence in the case believed that
the appellee had to pay any money because of the short-
age of appellant then it must return a verdict for said
sum not to exceed one hundred and eighty-nine dollars
and eight cents. So this court will observe that neither
the appellee by its testimony nor its counsel in his in-
struction to the jury ever demanded any other sum than
one hundred and eighty-nine dollars and eight cents.
There was no contention from the evidence or from any
charges given in the case of any amount due and claimed

other than the sum of one hundred and eighty-nine dollars and eight cents and interest.

We call the court's attention to the opinion of Judge MAYES in 99 Miss. "682" in the case of *R. R. Co.* v. *Hitt, et al., supra,* in which he, discussing the case of *Griffin* v. *McDaniel* in 63 Miss. "121," says: "In the Griffin case it is held that, where the plaintiff honestly believes and contends for a sum above the jurisdiction of a justice of the peace, the circuit court has a right to entertain jurisdiction, because in such case the amount demanded is the real amount in controversy between the parties and this fixes the jurisdiction; but where, as in this case, there is no uncertainty as to how much the plaintiff seeks to recover, it makes no difference what amount is claimed in the declaration, if in truth there is no real demand for a sum sufficient to give the circuit court jurisdiction."

We submit that under the testimony in this case there can be no doubt that the only amount in controversy was the sum of one hundred and eighty-nine dollars and eight cents and interest. It seems to us that it is unnecessary for us to argue this point further or to submit other authorities because the precedents are unlimited in number and the application of the rule as uniform as the circumstances of the cases are various. An examination of the record and the authorities cited will sustain us on this proposition.

*McFarland & McFarland,* for appellee.

"The Jurisdiction of the court shall be determined by the pleadings, except where there is a purpose to evade the limitations on the jurisdiction by the averment of a false amount." *Fenn* v. *Harrington,* 54 Miss. 735 & 736. The amount demanded in the pleadings was sufficient to give the circuit court jurisdiction, and there is absolutely nothing to show that the amount was purposely magnified. Upon the same point see the following authorities:

*Railroad Company* v. *Hitt & Rutherford,* 99 Miss. 679;
*Griffin* v. *Lower,* 37 Miss. 458; *Potts* v. *Hines,* 57 Miss.
735. See also, 11 Cyc. 775 and 25 Pacific 12.

The case of *Drown et al.* v. *Forrest,* 14 L. R. A. 80,
holds that the mere failure to prove an amount due
sufficient to give the court jurisdiction is not decisive
against jurisdiction, where the declaration brings the
case within the jurisdiction of the court. That it is nec-
essary to go further and negative plaintiff's good faith
in bringing the suit, by showing a consciousness on his
part that he was not entitled to recover more than a
justice could award. In *Potts* v. *Hines, supra,* the tes-
timony of plaintiff showed only one hundred and forty-
six dollars and seventy-nine cents due by defendant, an
amount insufficient to give the court jurisdiction, but the
declaration claimed an amount large enough to bring the
case properly in that court, and upon motion to dismiss
the case because of want of jurisdiction, the motion was
overruled; which action the supreme court held proper.

In the case of *Griffin* v. *Lower, supra,* it is held that
the amount sued for in the declaration is the test of
jurisdiction; see pp. 460 and 461. This is a suit on a
bond and the amount of damages claimed is the criter-
ion of jurisdiction. *State* v. *Luckey,* 51 Miss. 528; *Shat-
tuck* v. *Miller,* 50 Miss. 386.

Under the terms of the bond sued on in this case, ap-
pellee could recover all amounts expended by it on ac-
count of appellant's breach of contract with his employ-
er, which amount as alleged in the declaration was suf-
ficient to confer jurisdiction on the circuit court and if on
the trial of the case appellee saw fit not to ask judg-
ment for all of the items embraced in the declaration,
that would not cause the circuit court to lose its juris-
diction. If this case were reversed appellee could still
recover the amount claimed in the declaration.

"Plaintiff's' allegations of value govern in determin-
ing the jurisdiction of a federal circuit court except where
upon the face of his own pleadings it is not legally possi-

ble for him to recover the jurisdictional amount, or where such allegations are fraudulently made for the purpose of creating the jurisdiction." *Smithers* v. *Smith,* 51 L. Ed. (U. S.), 656.   On page 660 of this case the court says, "the plaintiff's claim with respect to the amount of damages incurred by him through the defendant's wrongful act measures, for jurisdictional purposes, the value of the matter in controversy."   See also authorities there cited, and *Hilton* v. *Dickinson,* 27 L. Ed. (U. S.), 688.

Authorities cited by appellant are not in point, being cases involving an amount fixed and certain and about which there can be no controversy; in fact those authorities sustain the position of appellee. In *Griffin* v. *McDaniel,* 63 Miss. 121, on page 125 the court says: "The rule announced in *Fenn* v. *Harrington,* 54 Miss. 733, has no application except in those cases in which the pleadings show that the cause is within the jurisdiction of the court, etc." The same announcement is made in *Ross* v. *Railroad,* 61 Miss. 12. We submit that this suit was not fraudulently filed in the circuit court; that the circuit court had jurisdiction of the case, and appellant had a fair trial; that the jury rendered a proper verdict and the judgment of the lower court should be sustained.

SMITH, C. J., delivered the opinion of the court.

(after stating the facts as above).   Since appellee seeks by its evidence to recover only the one hundred and eighty-nine dollars and eight cents alleged to have been paid by it to the Mississippi Cotton Oil Company, we must presume that this is the only amount here in controversy; consequently the court below was without jurisdiction.

*Reversed and remanded.*